**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-3751

———————

UNITED STATES OF AMERICA

v.

RICARDO WASHINGTON,
                                        Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-08-cr-00380-001)
District Judge: Hon. Sylvia H. Rambo

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13, 2010

BEFORE: FISHER, HARDIMAN and COWEN, Circuit Judges

(Filed: April 16, 2010)

———————

OPINION

———————

COWEN, Circuit Judge

Ricardo Washington appeals the judgment of the District Court sentencing him to a 168-month term of imprisonment. Washington contends that the sentence is substantively unreasonable as (1) the District Court's designation of Washington as a career offender significantly overstated his criminal history and (2) the District Court failed to properly exercise its discretion with respect to the crack cocaine-powder cocaine disparity, in light of the current trend toward eliminating the disparity. We will affirm.

## I.    BACKGROUND

Washington pleaded guilty to one count of possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a) and one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). The pre-sentence investigation report ("PSR") indicated that Washington had four prior adult convictions, which qualified him as a career offender under U.S.S.G. § 4B1.1. The PSR determined that his offense level was 31 and his criminal history category (due to his status as a career offender) was VI, leading to a Guidelines range of 188 to 235 months.

At the sentencing hearing, Washington objected to the Guidelines range, contending that he was entitled to a downward departure pursuant to U.S.S.G. §§ 4A1.3(b)(1) and 5K2.0 on the ground that his criminal history category greatly overstated the seriousness of his criminal history. The District Court denied his request explaining that his designation as a career offender was justified as two of his four prior convictions involved narcotics trafficking, one of which involved a firearm. Washington

2

also requested a variance from the Guidelines based on various § 3553(a) factors, including the disparity between crack cocaine and powder cocaine Guidelines. The District Court imposed a term of imprisonment of 168 months, which reflected a twenty-month variance below the crack cocaine Guidelines.

## II.    STANDARD OF REVIEW

This Court reviews the procedural and substantive reasonableness of a district court's sentence for abuse of discretion. *See United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008). We review a sentence for substantive reasonableness to determine "whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors." *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006).

## III.    DISCUSSION

After *United States v. Booker*, 543 U.S. 220 (2005), district courts adhere to a three-step process when sentencing defendants. First, they must "calculate a defendant's Guidelines sentence precisely as they would have before *Booker*." *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (citing *United States v. King*, 454 F.3d 187, 196 (3d Cir. 2006)). Second, they must "formally rul[e] on the motions of both parties and stat[e] on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and tak[e] into account [our] Circuit's pre-*Booker* case law, which continues to have advisory force." *Id*. "Finally, they are required to 'exercise

[] [their] discretion by considering the relevant [§ 3553(a) factors'] in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines." *Id*. (internal citations omitted).

Washington challenges the District Court's determinations as to the second and third steps. First, Washington contends that the District Court erred in denying his request for a downward departure. He concedes that under the Guidelines he qualifies as a career offender; however, he contends that due to his young age at the time of his first two convictions (ages 18 and 19), and the small amount of cocaine found on him at the time of his third arrest, he is not the type of individual the Sentencing Commission sought to target with career offender status. In short, he contends that the Sentencing Commission did not intend to target low-level drug dealers, such as himself, with career offender status.

The record indicates that Washington's first arrest occurred when he was 18. He was sentenced to five months incarceration for narcotics trafficking with a firearm. Less than one year later, while on parole, Washington was arrested for possession of a firearm, escape, and resisting arrest. Two years after he was released from prison, he was arrested for narcotics trafficking. Within seven months of his release from prison for that conviction, he was arrested for the instant offense. This criminal history reflects recidivist tendencies with respect to narcotics trafficking and firearms possession, both of which the Sentencing Commission sought to target with the career offender Guideline.

4

The District Court's denial of his request for a downward departure was not unreasonable as the record supports his designation as a career offender.

Second, Washington contends that the District Court erred in not granting a greater variance based on the current movement toward eliminating the crack cocaine and powder cocaine sentencing disparity. Washington points to the Department of Justice's stated position in favor of eliminating the disparity. *See Restoring Fairness to Federal Sentencing: Addressing the Crack-Powder Disparity*, Hearing before the Subcomm. on Crime and Drugs of the S. Comm. on the Judiciary, 111th Cong. (2009) (testimony of Lanny A. Breuer, Assistant Attorney General, Criminal Division, United States Department of Justice), *available at* http:judiciary.senate.gov/pdf/09-04-29BreuerTestimony.pdf. Additionally, since the parties filed the instant appeal, the United States Senate unanimously passed a bill decreasing the sentencing disparity from 100:1 to 20:1. *See* Fair Sentencing Act of 2010, S. 1789, 111th Cong. (2010). Similar legislation is pending before the House of Representatives.

In granting a 20-month variance, the District Court explained that Washington's prior record did not justify any greater variance. The District Court's decision was not unreasonable as it is supported by the record. Further, until legislation is enacted regarding the crack-powder disparity, this Court will not disturb sentences imposed within the current sentencing law.

**IV.  CONCLUSION**

For the reasons set forth above, we will affirm the judgment of the District Court.